IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INVICTUS LIGHTING LLC<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RAB Lighting, Inc.,<br><br>　　　　　Defendant. | Civil Action No. 1:25-cv-05829 (JLR) |

**DEFENDANT RAB LIGHTING, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant RAB Lighting, Inc. ("RAB") answers the Complaint filed by Plaintiff Invictus Lighting LLC ("Invictus" or "Plaintiff") as follows:

**THE PARTIES[1]**

1.　RAB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore, denies them.

2.　RAB admits the allegations of Paragraph 2.

---

[1] For ease of reference only, RAB responds to Invictus' allegations using the headings in Invictus' Complaint. RAB does not admit any of the allegations contained in Invictus' headings. RAB's responses to Invictus' allegations correspond to the numbered paragraphs in the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, RAB specifically denies all such allegations.

## JURISDICTION AND VENUE

3. RAB admits that this action arises under the patent laws of the United States, but denies the legal and factual sufficiency of Invictus' claims and allegations.

4. RAB admits that this Court has subject matter jurisdiction over this action, but denies the legal and factual sufficiency of Invictus' claims and allegations.

5. For the purposes of this action only, RAB does not contest personal jurisdiction.

6. For the purposes of this action only, RAB does not contest venue, but otherwise denies the allegations of Paragraph 6.

## BACKGROUND

7. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore, denies them.

8. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore, denies them.

9. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore, denies them.

## PURPORTED PRIOR ART APPROACH AND ALLEGED TECHNICAL BREAKTHROUGH OF THE '245 PATENT

10. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore, denies them.

11. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore, denies them.

12. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore, denies them.

13. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore, denies them.

14. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore, denies them.

15. RAB admits that the cover page of U.S. Patent No. 9,801,245 ("the '245 Patent") identifies U.S. Publication No. 2013/0163243 to Reed, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore, denies them.

16. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore, denies them.

17. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore, denies them.

18. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore, denies them.

19. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore, denies them.

**PATENT-IN-SUIT**

20. RAB admits that the '245 Patent indicates on its cover page 1) that it was issued on October 24, 2017; 2) that it has the title "Light Fixture;" 3) that it is a continuation of Application No. 14/444,997; 4) that Application No. 14/444,997 was filed on July 28, 2014; and 5) that it names George Erik McMillan as the inventor, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore, denies them.

21. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore, denies them.

22. RAB admits that the figure purports to be Figure 1 from the '245 Patent, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and therefore, denies them.

23. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore, denies them.

24. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore, denies them.

25. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore, denies them.

26. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore, denies them.

27. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore, denies them.

28. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore, denies them.

29. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore, denies them.

30. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore, denies them.

31. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore, denies them.

32. RAB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore, denies them.

### PURPORTED INFRINGEMENT ALLEGATIONS

33. RAB denies the allegations in Paragraph 33.

34. RAB denies the allegations in Paragraph 34.

35. RAB denies the allegations in Paragraph 35.

36. RAB denies the allegations in Paragraph 36.

37. RAB denies the allegations in Paragraph 37.

38. RAB denies the allegations in Paragraph 38.

39. RAB denies the allegations in Paragraph 39.

40. RAB denies the allegations in Paragraph 40.

41. RAB denies the allegations in Paragraph 41.

42. RAB denies that Invictus is entitled to any of the relief listed in Paragraph 42.

### COUNT I
### (Purported Infringement of the '245 Patent)

43. RAB repeats and realleges all preceding paragraphs, as if fully set forth herein.

44. RAB denies the allegations in Paragraph 44.

45. RAB denies the allegations in Paragraph 45.

46. RAB denies the allegations in Paragraph 46.

47. RAB denies the allegations in Paragraph 47.

48. RAB denies the allegations in Paragraph 48.

49. RAB denies the allegations in Paragraph 49.

50. RAB denies that Invictus is entitled to any of the relief listed in Paragraph 50.

51. No response is required, as Paragraph 51 is blank.

**PRAYER FOR RELIEF**

52.     RAB denies that Invictus is entitled to any relief in connection with its Compliant, including the relief listed in the Prayer for Relief section of its Complaint.

**AFFIRMATIVE DEFENSES**

53.     RAB asserts the following defenses to Invictus' Complaint and reserves the right to amend its Answer with additional defenses in light of information obtained through further investigation and discovery. Nothing herein shall be construed as an admission or acknowledgment that RAB bears the burden of proof as to any of the following defenses. RAB reserves all rights to develop additional arguments as the litigation progresses, including arguments relating to claim construction.  Nothing herein shall be deemed a waiver of any arguments or positions on the merits.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

54.     Invictus' Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

55.     The claims of the '245 Patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35, USC, including, but not limited to Sections 101, 102, 103, 111, 112, 115, 116, 120, 256 and/or the judicially-created doctrine of obviousness-type double patenting.

56.     The asserted claims in the '245 Patent are anticipated and/or obvious because each and every element is disclosed or suggested by the known prior art, including, but not limited to the following:

| Country | Patent/Publication | Filing Date | Publication Date | Inventor(s)/Author | Shorthand Name |
|---|---|---|---|---|---|
| US | 2012/0176064 | Jan. 9, 2012 | July 12, 2012 | Saes | Saes (Exhibit A) |
| US | 2010/0102751 | Oct. 28, 2008 | Apr. 29, 2010 | Markel | Markel (Exhibit B) |
| US | 2011/0215730 | Mar. 2, 2010 | Sep. 8, 2011 | Duffy et al. | Duffy (Exhibit C) |
| US | 2010/0270933 | Jun. 30, 2010 | Oct. 28, 2010 | Chemel et al. | Chemel (Exhibit D) |
| WO | 2013/072784 | Aug. 30, 2012 | May 23, 2013 | Acharya et al. | Acharya (Exhibit E) |
| US | 2012/0032605 | Aug. 6, 2010 | Feb. 9, 2012 | Peng | Peng (Exhibit F) |
| US | 2013/0163243 | Dec. 6, 2012 | Jun, 27, 2013 | Reed | Reed (Exhibit G) |
| WO | 2010/047457 | Jun. 9, 2009 | Apr. 29, 2010 | Yang | Yang (Exhibit H) |
| US | 2013/0088152 | Mar. 30, 2012 | Apr. 11, 2013 | Hagen | Hagen (Exhibit I) |
|  | Linear Technology LT3799 reference |  | Feb. 18, 2011 |  | Linear Technology (Exhibit J) |
|  | 2012 Cree XSP1Type2 Data Sheet |  |  |  | 2012 Cree (Exhibit K) |
|  | 2013 Cree LED Streetlights Field Adjustable Output Data Sheet |  |  |  | 2013 Cree (Exhibit L) |
|  | 2014 Cree XSP Series Installation Instructions Data Sheet |  |  |  | 2014 Cree (Exhibit M) |
|  | 2011 Philips Xitanium LED Programmable Drivers Design-in Guide |  |  |  | 2011 Philips (Exhibit N) |
|  | 2012 Philips Xitanium Programmable LED Drivers Design-in Guide |  |  |  | 2012 Philips (Exhibit O) |
|  | evluma Omnipar LED product |  |  |  | Evluma (Exhibit P) |

True and correct copies of each of the references above are attached as Exhibits A through P.

57. Each of these references disclose the limitations of and/or render obvious the asserted claims of the '245 Patent. More detail will be provided in RAB's invalidity contentions which will be served in accordance with the Local Patent Rules.

58. As an example, asserted independent Claim 1 of the '245 Patent is invalid as anticipated by Saes under 35 U.S.C. § 102. Specifically, Saes just like the '245 Patent, recognizes the problem of expansive electrical fixture options for large building designs. That is, due to output wattage ratings in fixture options it is often difficult to efficiently manage power delivery across the various options. In order to provide an optimal match, a supplier may need to provide driver design, maintenance, and support services for a comparatively large range of fixture pairings/wattage ratings. (*See* D.I. 1, ¶20 and 1-1, Col. 1, line 38-47).

59. Likewise, just like the '245, the same solution is disclosed. That is a wattage limiting solution is provided for a single driver. Saes specifically discloses a light fixture (Saes, [0015]) comprising: a housing configured to receive a light (Saes, [0051]); a driver disposed within the housing, said driver including an input configured to connect to a power source and an output configured to provide power to the light; (Saes, [0006]-[0010]); and an adjustable wattage limiter disposed on or in said housing, said wattage limiter being electrically connected to the driver and configured to set a maximum output power provided by the driver, (Saes [0019] & [0035]) wherein the driver and the wattage limiter provide power to the light and may further vary the power to dim the selected wattage by use of a traditional dimming control (i.e., between a minimum output power and the maximum output power set by the wattage limiter) (Saes, [0039]).

60. With regard to the claimed "wattage limiter." Saes describes the exact same mechanism for a wattage limiter, a resistor. (Saes, [0035]) ("[A] configuration resistance can be

applied as well. In such arrangement, a particular resistance value may correspond to a particular maximum wattage. By applying the particular resistance to the configuration terminal, the control unit may sense the resistance value (the sensed resistance value thus being the configuration signal) and thus acquire a value of the maximum wattage.") (*See* D.I. 1, ¶¶24 & 26-28).

61. As another example, asserted independent Claim 1 of the '245 Patent is invalid as anticipated by Markel under 35 U.S.C. § 102. Specifically, Markel discloses a light fixture (Markel, [0009]) comprising: a housing configured to receive a light (Markel, [0009]); a driver disposed within the housing, said driver including an input configured to connect to a power source and an output configured to provide power to the light; (Markel, [0026]); and an adjustable wattage limiter disposed on or in said housing, said wattage limiter being electrically connected to the driver and configured to set a maximum output power provided by the driver, (Markel [0027, 0029]) wherein the driver and the wattage limiter are configured to provide power to the light and to vary the power, in response to a dimming input from a dimming controller, between a minimum output power and the maximum output power set by the wattage limiter (Markel, [0012], [0026-0027]).

### THIRD AFFIRMATIVE DEFENSE
(Noninfringement)

62. RAB does not infringe, and has not infringed, the '245 Patent.

## FOURTH AFFIRMATIVE DEFENSE
### (No Willful Infringement/Not an Exceptional Case)

63. There is no willful infringement and Invictus is not entitled to enhanced or increased damages for willful infringement. Further, Invictus cannot prove that this is an exceptional case justifying any relief under 35 U.S.C. § 285.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

64. Invictus' claims are barred in whole or in part by estoppel, including, without limitation, prosecution history estoppel and judicial estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Statutory Damages Limitation)

65. Invictus is not entitled to damages prior to the filing of this lawsuit.

66. Moreover, any claim by Invictus for damages is limited under Title 35 of the USC, including, but not limited to §§ 286, 287 and 288.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

67. Invictus lacks standing to bring the claims in the Complaint.

## EIGTH AFFIRMATIVE DEFENSE
### (Use/Manufacture for the United States Government)

68. To the extent that any accused product or method has been used or manufactured by or for the United States, Invictus' claims and demands for relief are barred by 28 U.S.C. § 1498.

## NINTH AFFIRMATIVE DEFENSE
### (No Equitable Relief)

69. Invictus is not entitled to equitable relief because any injury to Invictus is not immediate or irreparable, Invictus would have an adequate remedy at law, and the balance of

hardships and the public interest do not favor equitable relief.  Further, Invictus has failed to plead the requisite elements for such relief.

## DEMAND FOR JURY TRIAL

70. Pursuant to Fed. R. Civ. P. 38, RAB requests a trial by jury as to all issues so triable.

## RESERVATION OF RIGHTS

71. RAB reserves the right to raise additional affirmative defenses as they become known through further investigation and discovery.

## PRAYER FOR RELIEF

**WHEREFORE,** RAB prays that the Court enter judgment against Invictus in connection with Invictus' Complaint, as follows:

A. Enter judgment in favor of RAB and against Invictus and dismiss Invictus' Complaint with prejudice.

B. Preliminarily and permanently enjoin Invictus, its officers, agents, servants, and employees, and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from asserting, or threatening to assert against customers or potential customers of RAB, or users of RAB's products and services, any charge of infringement of the '245 Patent.

C. Tax all costs against Invictus.

D. Find this to be an exceptional case and award RAB its legal fees and costs under 35 U.S.C. § 285 and other applicable law; and

E. Grant RAB such further relief as the Court may deem just and proper.

- 12 -

| | |
|---|---|
| Date: December 1, 2025 | */s/ Michael N. Rader* |
| | Michael N. Rader |
| | mrader@wolfgreenfield.com |
| | Tonia A. Sayour |
| | tsayour@wolfgreenfield.com |
| | WOLF, GREENFIELD & SACKS, P.C. |
| | 600 Atlantic Avenue |
| | Boston, MA 02210 |
| | 617.646.8000 Phone |
| | 617.646.8646 Fax |
| | |
| | Scott A. McKeown (*pro hac vice*) |
| | smckeown@wolfgreenfield.com |
| | WOLF, GREENFIELD & SACKS, P.C |
| | 601 Massachusetts Avenue NW |
| | Washington, DC 20001 |
| | 617.646.8000 Phone |
| | 617.646.8646 Fax |
| | |
| | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

      /s/ *Michael N. Rader*
      Michael N. Rader