UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INVICTUS LIGHTING LLC,

                  Plaintiff,

        -against-

RAB LIGHTING, INC.,

                  Defendant.

Case No. 1:25-cv-05829 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Before the Court is Defendant RAB Lighting, Inc.'s ("Defendant" or "RAB") motion to stay this action pending the outcome of an *ex parte* reexamination proceeding before the United States Patent and Trademark Office ("USPTO") concerning U.S. Patent No. 9,801,245 (the "'245 Patent"). Dkt. 23 ("Mot."). For the reasons set forth below, the motion is GRANTED, and this action is STAYED.

## BACKGROUND

Plaintiff Invictus Lighting LLC ("Plaintiff" or "Invictus") brings this action alleging that certain lighting products sold by RAB infringe one or more claims of the '245 Patent. Dkt. 1 ("Compl. or "Complaint") ¶¶ 7, 33-40. Invictus filed the Complaint on July 15, 2025, asserting a single count of patent infringement and seeking damages. *Id.* ¶¶ 43-50. RAB denies infringement and asserts, among other defenses, that the asserted claims are invalid. Dkt. 18 ("Answer") ¶¶ 55-62.

The case remains in its early stages. The Court held an initial conference on December 16, 2025 and entered a Civil Case Management Plan and Scheduling Order shortly thereafter. Dkts. 20, 22. The parties have exchanged initial document requests and contentions, but no

depositions have been taken, claim construction has not begun, and no trial date has been set. Dkt. 23-1 ("Br.") at 2-3.

On February 2, 2026, RAB filed a request with the USPTO for *ex parte* reexamination of all of the '245 Patent's claims based on several prior art references. *Id.* at 3. All prior art references included in the reexamination request inform RAB's invalidity defense in this case. *Id.* On March 9, 2026, the USPTO granted the request, finding that it raised certain "substantial new questions" of patentability affecting all asserted claims. *Id.* at 1, 3; *see also* Dkt. 23-2 at 6. The reexamination proceeding is now underway.

RAB moved to stay this litigation shortly after the USPTO granted its reexamination request. Mot.; Br.. Invictus opposed the motion, arguing that a stay would not simplify the issues, would unduly delay the case, and would prejudice Invictus. Dkt. 24 ("Opp.") at 4-12. RAB thereafter submitted a reply in further support of its motion. Dkt. 26 ("Reply"). The issue is thus fully briefed.

## LEGAL STANDARD

"Any person at any time may file a request for reexamination by the [USPTO] of any claim of a patent on the basis of any prior art cited under the provisions of section 301." 35 U.S.C. § 302. Reexamination pursuant to Section 302 "was intended to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts." *Bausch & Lomb Inc. v. Rexall Sundown, Inc.*, 554 F. Supp. 2d 386, 389 (W.D.N.Y. 2008) (internal quotation marks omitted) (quoting *Snyder Seed Corp. v. Scrypton Sys., Inc.*, No. 98-cv-0087S (H), 1999 WL 605701, at *2 (W.D.N.Y. June 11, 1999)). The procedure "may result in (1) a confirmation of the claims in whole; (2) a confirmation of the claims in amended form; or (3) cancellation of the claims." *Lederer v. Avotec, Inc.*, No. 16-cv-

00966 (KAM) (AKT), 2017 WL 11113809, *2 (E.D.N.Y. Aug. 15, 2017) (internal quotation marks and citation omitted).

"District courts have the inherent power to manage their dockets, which includes issuing a stay pending the conclusion of review proceedings before the USPTO." *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-cv-05669 (NSR), 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014); *accord Fleet Connect Sols. LLC v. Vehicle Tracking Sols., LLC,* No. 25-cv-04453 (NJC) (LGD), 2026 WL 161296, at *2 (E.D.N.Y. Jan. 21, 2026).  Courts have identified several advantages to granting such stays, including that:

1.  All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
2.  Many discovery problems relating to prior art can be alleviated by the PTO examination.
3.  In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
4.  The outcome of the reexamination may encourage a settlement without further use of the Court.
5.  The record of the reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
6.  Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.
7. The cost will likely be reduced both for the parties and the Court.

*Softview Comput. Prods. Corp. v. Haworth, Inc.*, No. 97-cv-08815 (KMW) (HBP), 2000 WL 1134471, at *2 (S.D.N.Y. Aug. 10, 2000) (citation omitted).

In determining whether to grant a stay pending reexamination, courts consider three factors: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *Muvox LLC v. Netaktion LLC*, No. 24-cv-09137 (JGK), 2025 WL 1920218, at *1 (S.D.N.Y. July 11, 2025); *accord Nanobebe US Inc. v. Mayborn (UK) Ltd.*, No. 21-cv-08444 (JLR), 2023 WL 4993642, at

3

*2 (S.D.N.Y. Aug. 4, 2023). "These factors are not exclusive, however, and in the end, the overarching consideration of the circumstances in their totality governs." *Grecia v. MasterCard, Inc.*, No. 15-cv-09210 (RJS), 2017 WL 11566955, at *2 (S.D.N.Y. Apr. 3, 2017) (citation omitted). "The burden is on the movant to establish that a stay is warranted." *Fleet Connect*, 2026 WL 161296, at *2 (quoting *Goodman v. Samsung Elecs. Am., Inc.*, No. 17-cv-05539 (JGK), 2017 WL 5636286, at *2 (S.D.N.Y. Nov. 22, 2017)).

## DISCUSSION

For the reasons stated below, the Court finds that the balance of factors favors a stay. The Court addresses each factor in turn.

## I.    Simplification of the Issues

First, a stay will simplify the issues in this litigation. The USPTO has instituted reexamination of all asserted claims of the '245 Patent after finding substantial new questions of patentability based on multiple prior art references. Br. at 1, 3; Dkt. 23-2 at 6. As courts in this District have recognized, reexamination proceedings can significantly streamline litigation by "eliminat[ing] trial o[n] the issue of patent claim validity" if claims are cancelled, or by providing "the expert view of the PTO" and clarifying claim scope if they survive. *Softview*, 2000 WL 1134471, at *1 (citation omitted); *see also Muvox*, 2025 WL 1920218, at *2.

Invictus argues that *ex parte* reexamination provides limited simplification because it lacks estoppel effects on RAB and does not guarantee claim cancellation. Opp. at 4-7; *see Prestige Jewelry Int'l, Inc. v. BK Jewellery HK*, No. 11-cv-02930 (LBS), 2012 WL 2899077, at *2 (S.D.N.Y. July 16, 2012) ("[B]ecause [the party] is seeking an *ex parte* reexamination under 35[] U.S.C. § 302 rather than an *inter partes* reexamination under 35 U.S.C. § 315(c), the USPTO's ruling does not have stringent estoppel or *res judicata* effects binding on this Court."). But RAB rightly observes that any amendments or statements made by Invictus during the

reexamination process would directly inform RAB's potential prosecution history estoppel arguments. *See, e.g.*, *Bausch & Lomb Inc. & Wyeth LLC v. Vitamin Health, Inc.*, No. 13-cv-06498, 2016 WL 4087372, at *2 (W.D.N.Y. July 29, 2016) (discussing prosecution history estoppel argument focused on patent's reexamination). Additionally, courts have repeatedly found that reexamination can meaningfully simplify issues even absent estoppel, particularly where, as here, all asserted claims are under review. *See, e.g.*, *Document Dynamics, LLC v. Xerox Corp.*, No. 20-cv-6519W, 2021 WL 2009897, at *6 (W.D.N.Y. May 20, 2021) ("This case involves a single claim (claim 4) of a single patent (the '772); regardless of the outcome of the reexamination, the stay likely will conserve the resources of the Court and the litigants and simplify the issues before the Court."); *Lederer*, 2017 WL 11113809, at *11 (finding that a stay "is particularly apt in light of the fact that [plaintiff's] complaint alleges a single claim of patent infringement and that all claims of the [accused patent] are being reexamined"); *Muvox*, 2025 WL 1920218, at *2-3 (same); *Aerotel, Ltd. v. IDT Corp.*, No. 03-cv-06496 (RJH) (FM), 2003 WL 23100263, at *2 (S.D.N.Y. Dec. 30, 2003) (same). For example, even if all of Invictus's claims ultimately survive re-review, reexamination may narrow them, generate prosecution history relevant to claim construction, and focus the parties' disputes. Reply at 2-3. Indeed, *Fleet Connect*, on which Invictus extensively relies to oppose the stay request, *see, e.g.*, Opp. at 5, 6, 9, 11 (citing *Fleet Connect*, 2026 WL 161296), is inapposite because, there, only some of the asserted claims were subject to reexamination, *Fleet Connect*, 2026 WL 161296, at *2 (noting that only four of the seven patents at issue in the litigation were subject to reexamination). Here, in contrast, the potential for amendment or clarification of all of Invictus's claims stemming from the sole patent at issue weighs in favor of allowing the USPTO to complete its review before the Court undertakes claim construction. *See Softview*, 2000 WL

1134471, at *2 ("[A] number of courts have recognized the value of a reexamination proceeding in paring down the questions in litigation.").

Invictus also contends that the USPTO's finding of a "substantial new question of patentability" is a low threshold and does not predict invalidation. Opp. at 4-5. However, the relevant inquiry is not whether invalidation is certain; rather, it is whether the proceeding is likely to "simplify the issues in question and trial of the case." *Nanobebe*, 2023 WL 4993642, at *2. Given that all asserted claims are under active reconsideration — and may be cancelled, amended, or clarified — this factor weighs strongly in favor of a stay.

## II.    The Stage of the Proceedings

The second factor, the stage of the proceedings, also favors a stay. This case remains at an early stage. Although the parties have exchanged initial disclosures and contentions, discovery is ongoing, no depositions have occurred, claim construction has not begun, and no trial date has been set. Br. at 2-3; Reply at 4; Opp. at 9. Courts in this District routinely grant stays under such circumstances. *See Muvox*, 2025 WL 1920218, at *2 (granting stay where "fact discovery had not yet closed and no trial date had been set"); *Aerotel*, 2003 WL 23100263, at *2 (granting stay where "the litigation has just begun"); *Lederer*, 2017 WL 11113809, at *11 (granting stay where "initial discovery has taken place" (citation omitted)).

Invictus argues that the case has been pending for several months and that meaningful activity has occurred. Opp. at 8-9. The relevant benchmark, however, is not whether any progress has been made, but whether "substantial discovery has been completed and the Court has expended significant resources." *Nanobebe*, 2023 WL 4993642, at *3. That is not the case here. "While the parties have served initial document requests, . . . [n]o depositions have been scheduled or taken [and] [n]o claim construction briefing has occurred." Reply at 9. Indeed, Invictus appears to concede that this factor weighs in favor of a stay here. *See* Opp. at 9 (arguing

that "[t]he early stage of a case is only one element of the analysis, and it does not override the other factors").

Nor does RAB's timing undermine its request. Although Invictus suggests that RAB delayed in seeking reexamination, Opp. at 9, the record reflects that RAB filed its reexamination request before claim construction began and before substantial judicial resources were expended. Courts have found similar timing consistent with a stay. *See, e.g.*, *Muvox*, 2025 WL 1920218, at *1-2 (granting stay where reexamination request was filed 3 months after complaint and motion for stay was filed three months thereafter). Accordingly, this factor weighs in favor of a stay.

### III.    Prejudice to the Non-Moving Party

Finally, the third factor, whether a stay would unduly prejudice Invictus, does not outweigh the benefits of a stay. "The question of undue prejudice or clear tactical advantage is informed by four sub-factors, including (1) the timing of the review request; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Lederer*, 2017 WL 11113809, at *5 (internal quotation marks omitted) (quoting *Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 13-cv-00633, 2014 WL 201965, at *4 (N.D.N.Y. Jan. 15, 2014)). The Court addresses each in turn.

#### A.    Timing of the Reexamination Request and Request for Stay

The timing of RAB's reexamination and stay requests do not create undue prejudice. The Court acknowledges that RAB did not file its petition for reexamination immediately after it was served the Complaint; it did so approximately five months thereafter. But as discussed, the reexamination request and related motion were filed before claim construction began and before the Court expended significant resources on the merits of the case. And courts have found that similar delays were not indicative of "strategic maneuvering" warranting denial of the stay request. *Lederer*, 2017 WL 11113809, at *5. Moreover, Invictus itself waited several years after

first notifying RAB of the '245 Patent before initiating this action.  Br. at 2 (noting five-year delay); *see also* Dkt. 23-6.  That delay undercuts any argument that a modest additional delay attributable to reexamination constitutes undue prejudice.

### B.    Status of the Review Proceedings

As to the status of the review proceedings, "[t]he fact that the USPTO has already granted [RAB]'s petition for reexamination weighs in favor of granting its motion to stay."  *Lederer*, 2017 WL 11113809, at *6.  Invictus argues that *ex parte* reexamination may take several years, including potential appeals, and that such delay is inherently prejudicial as "it would allow memories to fade, witnesses to become unavailable, and RAB to continue selling the accused products without accountability for the duration of the proceedings."  Opp. at 9-12.  While the Court acknowledges that reexamination could be lengthy (though not necessarily so, Reply at 3), "the delay inherent to the reexamination process does not, by itself, constitute undue prejudice."  *Muvox*, 2025 WL 1920218, at *3; *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) ("It is undoubtedly true, as many courts have observed, that with age and the passage of time, memories may fade and witnesses may become unavailable.  Without more, however, these assertions here are not sufficient to justify a conclusion of undue prejudice.").

### C.    The Relationship Between the Parties

Invictus does not allege that it directly competes with RAB.  Opp. at 10 (conceding that Invictus is "a patent holder that does not directly compete with RAB").  The absence of direct competition reduces the risk that a stay will cause irreparable harm, such as lost market share or price erosion.  Courts in this District typically find that the lack of a competitive relationship weighs against a finding of undue prejudice.  *See, e.g.*, *Muvox*, 2025 WL 1920218, at *3.

Invictus's principal argument for prejudice, like that of the plaintiff in *Goodman*, "is that a stay would delay any financial remuneration [it] would receive from this action." 2017 WL 5636286, at *3; Opp. at 10-11. As in *Goodman*, however, Invictus's own role in delaying its requested relief here, through its years-long delay in filing suit, "undermines [its] current insistence on an immediate resolution of this case." *Goodman*, 2017 WL 5636286, at *3 (granting stay where plaintiff had previously agreed to extend defendant's answer deadline); *see* Br. at 2; *see also* Dkt. 23-6. Considering the totality of the circumstances, then, any potential prejudice to Invictus does not outweigh the benefits of allowing the USPTO to complete its review.

* * *

In sum, all three factors weigh in favor of a stay: The USPTO's reexamination of all asserted claims presents a substantial likelihood of simplifying the issues before the Court, this case remains in its early stages, and Invictus has not shown that it will suffer undue prejudice from a stay.

## CONCLUSION

Accordingly, Defendant's motion for a stay is GRANTED. The Clerk of Court is respectfully directed to STAY this action pending completion of the USPTO's *ex parte* reexamination of the '245 Patent.

The parties shall submit a joint status letter every ninety days updating the Court on the status of the reexamination proceedings.

Dated: April 15, 2026
        New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

9